UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROGER HUDON, | ) | |
| Petitioner, | ) | 3:06-CV-0570-JCM-VPC |
| vs. | ) | |
| | ) | ORDER |
| STATE OF NEVADA, *et al.*, | ) | |
| Respondents. | ) | |

The Court previously entered an order appointing counsel for petitioner. Counsel has now entered an appearance on petitioner's behalf. Petitioner's counsel is Linda M. Bell, Assistant Federal Public Defender, 411 East Bonneville Avenue, Suite 250, Las Vegas, Nevada 89101, 702-388-6577.

Respondents have not yet appeared in this matter. They will be required to do so within ten days of entry of this Order.

Petitioner and his counsel should pay very close attention to the effect of the one-year statute of limitations applicable to federal habeas corpus petitions pursuant to 28 U.S.C. §2244(d)(1) (part of the Antiterrorism and Effective Death Penalty Act (AEDPA)). In addition, petitioner and his counsel should be aware of the holdings in *Duncan v. Walker,* 533 U.S. 167 (2001)*,* and *Fail v. Hubbard*, 315 F.3d 1059 (9th Cir. 2002). The practical effect of *Duncan* and *Fail* is that the one-year limitations period applicable to all federal habeas corpus petitions will generally not be tolled during the pendency of a federal habeas corpus petition. This means that any subsequent habeas

1  corpus petition filed in this Court -- for example, a petition filed after returning to state court to
2  exhaust any unexhausted claims -- may be untimely under the applicable statute of limitations, and
3  the time during which this habeas corpus case is pending will not toll or otherwise excuse
4  compliance with that statute.

5  It is appropriate at this time for the Court to enter orders regarding scheduling in this
6  case.

7  **IT IS THEREFORE ORDERED** that counsel for petitioner shall contact petitioner
8  as soon as reasonably possible to:(a) review the procedures applicable in cases under 28 U.S.C.
9  §2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas
10 corpus relief in petitioner's case;  and (c) advise petitioner that all possible grounds for habeas
11 corpus relief must be raised at this time in this case, and that the failure to do so will likely result in
12 the omitted grounds being barred from future review under the rules regarding abuse of the writ.

13 **IT IS FURTHER ORDERED** that counsel for respondents shall, within ten days,
14 file a notice of appearance with this Court and shall make available to counsel for petitioner
15 (photocopying costs at the latter's expense), as soon as reasonably possible, a copy of whatever
16 portions of the state court record they possess regarding the judgment petitioner is challenging
17 herein.

18 **IT IS FURTHER ORDERED** that counsel for petitioner shall file and serve a First
19 Amended Petition for Writ of Habeas Corpus within **sixty (60) days** of the entry of this Order.  The
20 First Amended Petition shall include all known grounds for relief (both exhausted and unexhausted).
21 Respondents shall have **forty-five (45) days** after service of the First Amended Petition within
22 which to answer, or otherwise respond to, the First Amended Petition.

23 Dated this  27th  day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE